Filed 3/15/22  P. v. Gomes CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE MARCOS GOMES,<br><br>    Defendant and Appellant. | A163152<br><br>(Alameda County<br>Super. Ct. No. 21CR001814) |

In February 2021[1], the Alameda County District Attorney filed a felony complaint, alleging defendant Joe Marcos Gomes committed second-degree robbery (Pen. Code, § 211[2]), together with sentencing enhancement allegations of twelve prior felony convictions.

In April, Gomes pleaded no contest to being an accessory after the fact (§ 32) in exchange for a sentence of sixteen months.[3]  While the prosecutor initially noted the sentence would be served in "state

---

[1]    All further dates are in 2021.

[2]    All undesignated statutory references are to the Penal Code.

[3]    Section 32 provides for a punishment of "imprisonment pursuant to subdivision (h) of Section 1170" (§ 33), which is "a term of imprisonment in a county jail for 16 months, or two or three years" (§ 1170, subd. (h)(1)).

prison," defense counsel corrected him by explaining that Gomes would actually serve his sentence in county jail. In its later recitation of the terms of the plea agreement, the court confirmed that defendant would be serving his sentence in "the local prison at Santa Rita." The charged count and sentence enhancement allegations were dismissed. In May, the trial court sentenced Gomes to the agreed term but stated he would serve his sentence in state prison.

Gomes appeals, asserting the superior court erred in sentencing him to state prison because at the time of his plea he understood he would be serving his time in county jail. He further informs us he has been released from state prison, and therefore "the practical effect of the sentencing error has been rectified." He asks only that we remand the case to the superior court with directions to correct its sentencing order and the abstract of judgment to reflect that he was sentenced to county jail under section 1170, subdivision (h)(1). The Attorney General concedes the superior court erred by sentencing Gomes to state prison rather than county jail and agrees the case should be remanded to correct the sentencing order.

We concur with the parties. Accordingly, we shall affirm the conviction and remand the matter to the superior court with directions to vacate its sentencing order and enter a new order reflecting a sentence of sixteen months in county jail pursuant to section 1170, subdivision (h)(1), and to issue an amended abstract of judgment.

## DISPOSITION

The conviction is affirmed. The matter is remanded to the superior court with directions to vacate its sentencing order and enter a new order reflecting a sentence of sixteen months in county jail

pursuant to Penal Code section 1170, subdivision (h)(1), and to issue an amended abstract of judgment.

_____

Petrou, J.

WE CONCUR:


_____

Tucher, P.J.


_____

Fujisaki, J.

A163152/*People v. Gomes*